Thank you, Your Honors. My name is Martha Hall. I represent the appellant, Jeffrey Hargis. This is a post-Booker sentencing which on appeal raises the Booker issue, and after the decision of this en banc court in Ameline, I believe it's clear that a remand is necessary. Initially, I believe the government was going to argue that since there was no Sixth Amendment issue that Booker didn't apply. However, two recent cases have been decided by this Court saying that Booker and Ameline require remand in all cases in which there is a Booker error. Roberts But if he waived his right to appeal and that's effective, then he can't raise his Booker question in front of us, right? Hargis I'm not sure about that. It's my position that the intervening decision of the court of appeal nullifies the waiver. It's Roberts I thought I'd seen a case that said that if the appeal is actually waived, we don't take the appeal and hear Booker because you can't be here in front of us on appeal. So it seems to me that the big issue for you is in whether, assuming the appeal is in front of us, we would apply Booker, Ameline. The real question, it seems to me, is are you properly in front of us on the appeal? Or did you clearly waive it, and I guess you have to say it was a breach of some kind, and therefore you can appeal anyway? Hargis I don't think that we have to say that it's a breach. I think that we can say that it is a joint mistake, which was a premise of the actual contract. The contract was based on the mandatory guidelines, being the law and being that which was required to be followed by the judge at the time of sentencing. Roberts I hear you arguing. Why don't you talk about whether I take it you're waiving, you don't think the government did breach? Hargis No. Well, that is our second argument. I do believe that there is a breach. I don't want to come down on the government too hard, because there was a difficulty insofar as the judge would simply not follow the joint request of the parties to continue the sentencing, so the judge really furthered the breach. But the government did breach in the sense that it did not complete its assessment of the cooperation prior to trial. Roberts Was the breach brought to the Court's attention at the time? I guess it was. Hargis It was, because the defense attorney actually said that she wanted an evidentiary hearing on whether or not the government had acted in good faith, and alleged that the failure to properly assess or timely assess the cooperation was a matter of good or bad faith. The judge refused to hold any sort of hearing, refused to even address that issue, just basically waved them on, said fine, fine, fine. Government, do your motion later. And then the judge also said, we'll have a hearing on that, and you can make your arguments at the Rule 35 hearing. Let me ask you one other question, because it's the – it's a little bit troublesome. When the government made its Rule 35 motion, the government said at that time, at the sentencing time, we did not move for a downward departure because he had not provided substantial assistance in the investigation up to that point. That's what they said. That would – had they said it at the time, Shirley, that would have been an appropriate reason not to make the motion. Hargis I don't think so. Under Awad and Quatch, this Court has stated that it's the government's obligation to fulfill that 5K by completing the cooperation prior to the time of sentencing. And if that means that a continuance has to be granted, then a continuance has to be granted. The government – the government certainly can't say at the time of sentencing, well, we haven't assessed this yet because he hasn't done it, we haven't assessed it, and therefore, we'll put it off for a Rule 35. That certainly can't be done. It seems to me what the cases say is the government has to cut it right then, has to say, here's our recommendation or non-recommendation based on what it knows by the time of sentencing. can't put it off. Obviously, the government can't complete the cooperation of the person. I mean, that's not in the government's hands. But the government has to make a decision. What they said at their Rule 35 was back then we made the decision and decided he hadn't cooperated. That's what they said. Hargis I think that's contradicted by the government's statements. I think that's contradicted by the government's statements at the time of sentencing. At the time of sentencing, the government explained that there were problems with the agent, that the agent who had debriefed the defendant had since left the district. A new agent had been assigned to pick up the pieces of the ongoing debriefing and cooperation. That agent had been unable to contact the initial debriefing agent so that they had not been able to truly assess it. Furthermore, you know, we really can't address those comments of the government in the Rule 35 motion as they are because they're in a vacuum. We don't have the response of the defendant. We don't have a hearing where the defendant had any opportunity to contest the timing of the cooperation, how things occurred, when the government had all the information that they needed to both locate the two other conspirators in the smuggling issue. So I believe... Kennedy So if we take it at face value, though, we have to say which one, you would say, I think, which one of the government's statements do we accept? The one that's sentencing or the one that was made after sentencing? Which one is totally accurate? McLaughlin In any plea agreement situation or alleged breach of the plea agreement, the government is always held to a high burden of proof. That's addressed in the reply brief on the argument about waiver. The government is really held to a very high standard in keeping its promises under the plea agreement. I believe that under this high standard, even if you have two conflicting statements, you're going to have to look at it and say, well, at least the statement made to the judge at the time of sentencing indicates a breach under a wad and a quash. That indicates a breach. And even if maybe later on in its written papers the government was able to finesse its explanation for why it did not make the motion in a timely fashion, we need to look at that statement and hold the government to its burden, and that's enough. And even in cases where it's questionable or ambiguous as to whether or not there's a breach, this Court holds the government to a high burden, high standard, and finds breach. If there's unclear language, it goes against the government, finding a breach. And in this case where we have the statement of the government at the time of sentencing to the court indicating a breach under a wad and quash, I think that this Court should hold that there is a breach and remand for resentencing. Counsel, what's the – what is the problem here? The government did come forward, did ask the district court to reduce the sentence, which the government – which the court did. What's the damages here? What's the harm? Well, the problem here is what we see that the other circuit, I believe it was the Second Attorney and the defendant, often have a different view of the cooperation, the value of the cooperation, and the danger to the defendant. And every time that I've had a cooperation situation, I've certainly asked for more time off than the prosecutor has, and the defendant has that right under 5K to ask the sentencing judge to impose a lower sentence, to grant a larger departure based on the cooperation, and particularly stressing the fact that the danger to the defendant, danger to the defendant's family, the risk that the defendant may have taken, are facts that the defendant in particular has a greater ability to know. Paul, assuming you're properly before us, what would be the bottom line of this decision so – of this Court's decision so far as you're concerned? What do you want us to do? I want you to remand for a full resentencing hearing before the district court. And at that sentencing hearing, I believe that Mr. Hargis has a right to address not only 5K, but also any other departures that might be appropriate, or any reasonable sentence under Booker. He should be put back into the position of his original sentencing hearing. Because this case was handled by – I want to save some of your time. Thank you, Your Honor. The reason I wanted her to tell us just before you came precisely what she wanted us to do, so you can go straight to that and tell us why we shouldn't. Okay, Your Honor. Thank you, Your Honor. First of all, there is a waiver here. Mr. Hargis agreed as part of his plea agreement that he would waive appeal as long as the sentence did not exceed the high end of the guideline range – the guideline range at a level 33. That's contained in his plea agreement, and it was confirmed at the time of the plea. He was in fact sentenced to the low end of guideline range 31. And this was within the guidelines as jointly recommended by the parties. In other words, there was a two-level reduction for sort of the overall circumstances. It was a two-level reduction. The government and the parties saw that may or may not go, so that's why in the plea agreement they said 33. However, they both recommended 31. The judge did in fact follow that, and he gave him the low end of 31. Therefore, he received the entire benefit of his bargain, and therefore he's waived appeal, and his appeal should be dismissed. If you didn't breach. I don't believe the government breached at all. I do agree under the Ninth Circuit cases, just to make clear, that even whether it's constitutional or nonconstitutional error, this Court has said it's got to go back, and I think that's clear. If the appeal is here. Pardon? If the appeal is here. If the appeal – right. If it's here, correctly. And that's why I asked, if – did the government breach when it didn't make a 5K motion because, if we don't look at the 35, we looked at the earlier, because it said, gosh, we're not ready to do it yet, because we're not sure, our agent's out of town, and we're just not sure whether he's cooperated enough, and it seems to me that there are cases that say that ain't an answer to why he didn't make a 5K. Well, I think if you look further, I mean, I do agree this was somewhat inartful response, but I do think we have to remember the circumstances. Both the government and defendant had asked the judge for a continuance. The government had made clear it was not ready to give a 5K. It hadn't filed a 5K motion or a 5K letter. And, yes, somewhat inartfully he was talking about the agents, but he also said at the very end there, we are not done talking with Mr. Hargis. So the government does expect to make a 5K, but I haven't submitted anything to the Court yet. We're not complete with our analysis. I thought that's exactly what the Court said. At the day of sentencing, you can't say we haven't seen enough or analyzed enough yet, you've got to do it or not do it, and 35 comes later on. Isn't that the case you're saying? Yes, if it's complete. But the very next phrase he says, and we haven't finished talking with him yet. Well, those cases are all cases where it wasn't complete. Of course it wasn't complete, because the government wasn't ready yet, and they said we want to talk about more cooperation, and then we'll make a 35. Oh, but Awad says it doesn't, it can't defer its recommendation if the cooperation is complete and substantial. However, where it's not sufficiently developed, that's what it was. Where it's not sufficiently developed, the Court doesn't have to continue sentencing. It can continue with sentencing, and then the parties can avail themselves of Rule 35. But you understand what the government said at sentencing was, as a matter of fact, I would have written a letter recommending it yesterday, but the agent had moved to another district. That seems a little different from he hasn't completed his work. It sounds like it was complete, and the government was having a logistics problem with its agent. That's a little hard to say that that's the case of the government saying, well, gosh, he just hasn't done his job. He said, I would have recommended it, actually. But he says. He did say he had prepared a 5K1, but he had prepared the letter, but he wasn't ready to deliver it. That doesn't mean he's ready to deliver it. He made it clear they needed to talk to him, and it is clear in the Rule 35 motion why that was the case. Why it was the case is because the person he had cooperated, given information on, had not been arrested. Nothing had happened. In the meantime, they talked to him again. That person was arrested, and he gave further information that allowed them to identify the place where the person he was going to deliver to had lived. So at that point, now the cooperation is at a point where it's substantial. Now, I agree that this is an odd case. I think the government was preparing to do a 5K. Remember, there was an allegation of bad faith. I think that the government was trying to do its best, but when it came down to it, they just the cooperation wasn't substantial. When it came down to it, they thought they were going to get a continuance, and they, along with the defense, ignored that they were in front of a particular judge who doesn't necessarily grant continuances. I agree. But I think the fact that both requested the continuance also tells us something about the fact that the cooperation wasn't complete. Because if the defendant had really believed that the cooperation was complete, they could have said, no, we don't want the continuance. Let's have the hearing. They didn't do that. They wanted to continue. And, in fact, when all was said and done, he still got the benefit of his bargain, and that is he got the reduction in his sentence. All that's required under due process is an opportunity to respond. That Rule 35 motion was filed and served on defense counsel. The motion wasn't resolved until three weeks. They chose not to respond. Clearly, they thought it was sufficient. So the opportunity was there. They simply chose not to. And given that, it was fine. Now, could my counsel not have responded because they assumed that they were going to get an opportunity to appear before the judge? I don't know what was in counsel's mind. They may have thought that. Was it counsel's obligation to request a hearing? I believe so. Because now they're served with no. Why would it be counsel's obligation to request that? Well, certainly when there's a motion, there's a local rule that says you should respond. And if, I'm assuming, if they were dissatisfied, they would have at least filed something asking for the hearing and filing some sort of a response. At the very least, if something was wrong, I would think they would file it. Now, yes, there is the one added problem where the judge said, well, you can have a hearing later. And that hearing never took place. But again, I believe that's because the judge didn't have any, there was no controversy in front of him. He had the government's motion. He waited three weeks. There was no response. He made the decision. So, but I really think here we have a case where this is a clear waiver. The government did not, did not breach. I would say if there, I have two quick points. One, even, I'm not sure that this is a case that has to go back for resentencing. The one exception is if the record's clear. Here, everything that Mr. Hargis is asking for, he received. The record's clear on everything. The combination of circumstances, the substantial assistance, everything. We can look at it and decide. The record here is clear. More importantly, however, if it goes back for resentencing, it's the government's position that Mr. Hargis has breached his plea agreement. He came here and appealed. We would be free to argue for any sentence. We would be free from our obligations that were under the plea agreement since he breached, and we would be free, should this go back for a full sentencing hearing, to argue any sentence. We're not deciding that issue today, are we? On this record, we're not. I don't think it has to be decided, but I believe that would be the government's position. I don't think on this record. That question is before us, though, today. Well. We look strictly at the status of the record. The other thing that we don't know, and I don't know how we can know, is what the judge would have done had he known that the guidelines were not mandatory. Well, I believe that the court's. It could be argued that it's a change, as she did argue, a change in circumstances. Well, there's a change in circumstances, but there's changes in the law all the time. Those don't require that the agreement between parties has to be. It's not changes in the law that was effective at the time you were there. The fact that the guidelines were not mandatory was not known until after this sentencing. There are times when guidelines themselves change. That's not known. It was pretty clear from the guidelines that that doesn't matter. But the fact that they were not, they were considered mandatory and a court ruled that they were not. In fact, the court ruled that they were not. Oh, I agree. They made the change. Yes. Because I would have treated them. Well, there were judges arguing that they should be treated as mandatory. Right. I agree. That's not a situation anticipated by the parties. I don't want to waste your time. You've passed. You've finished your time. Thank you. Thank you. Counsel, we'll give you a minute for argument. Counsel, why did you not request a hearing? Why didn't you contest what the government had argued in its 35B motion? Not to appear too defensive, but I wasn't the trial counsel. I understand. The judge had told the counsel at the time of the sentencing that they would receive a hearing on the Rule 35. The notice and motion did not state any hearing date. Under the local rules, the timing of a response is determined by the time of the hearing. The response to the motion of the moving party is due one week prior to the hearing. So there's no timeline for the defense attorney to even, you know, gauge when it's appropriate to file the response. You know, sure, you know, maybe counsel should have filed a response immediately, but did the counsel have to? No. Under the local rules, that responding motion is due. I told you you ought to rely on what legal basis you've got, because anybody reading this record isn't going to find a lot of basis for sympathy for your clients. Fourth continuance we're talking about. Well, I The court didn't grant. Aren't we? On this record? But that is due to the government's failure to Regardless of what it's due to, we look at the record and we see what we see when we look, and what we see when we look is this is the fourth continuance. And what you see is that he debriefed on February 13th, according to the Rule 35 motion, Mr. Hargis went in the day after he pled guilty and debriefed with agents on February 13th. And when he went to sentencing on August 21st, his counsel said, 12th, I'm sorry, August 12th, his counsel said, I believe there's bad faith. I want a hearing on bad faith because the government has not brought the 5K motion. What does that mean? That the government's the one who has been sitting around doing nothing from February 13th to August 12th. And I believe that that's exactly what happened. Now, we don't know whether or not You owe me a time in the records before us. Thank you, Your Honors. We thank counsel in this argument. The next case, Kent v. Barnhart, has been submitted.
judges: Farris, Fernandez, Bybee